IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

CLIFFORD DEANGELO JACKSON,
and CLIFFORD DURHAM, JR.,

Defendants.

1:11-cr-411-WSD

**OPINION AND ORDER**

This matter is before the Court on the Government's Motion in Limine to Admit Rule 404(b) Evidence [42] and Defendant Durham's Motion in Limine to Preclude Admission of Rule 404(b) Evidence [68].[1]

**I.   BACKGROUND**

Defendants are charged with conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count One), commission of a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count Two), and using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii)

---

[1] Durham moves for an extension of time [69] to file this motion. Although untimely, the Court will consider Durham's objections to this evidence. Durham moves to preclude, under Federal Rule of Evidence 403, the Rule 404(b) evidence the Government seeks to admit. Durham largely restates the arguments Jackson presents in his response to the Government's 404(b) motion. Durham's motion for an extension of time [69] is granted.

(Count Three).  The charges arise from the November 20, 2010, armed robbery of the Weeyums Philly Style restaurant in Stone Mountain, Georgia.  (Indictment [1]).

The Government moves to admit evidence of Defendants' convictions for the April 15, 2011, attempted armed bank robbery of a Wells Fargo Bank branch office in Atlanta, Georgia.  (Criminal Action No. 1:11-cr-252-WSD).  In that case, three men carrying handguns entered the bank, announced that it was a robbery, pointed their handguns at customers, and threatened to kill the customers if bank employees did not open the door leading to the teller area.  The robbers ultimately left the bank without any of the bank's money and fled in a white Land Rover, driven by a fourth person.  After the robbery attempt, a DeKalb County police officer identified and stopped the Land Rover.  As the officer approached the stopped car, one of the occupants fired a shot at the officer, and the suspects fled the scene in the car.  Defendant Jackson later was identified as one of the three men who robbed the bank.  Defendant Durham was identified as the driver of the Land Rover.  Defendants each pleaded guilty to one count of attempted bank robbery, in violation of 18 U.S.C. § 2113 (a) and (d), and to one count of using and carrying a firearm

during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).[2]

The Government contends that evidence of Defendants Jackson's and Durham's attempted bank robbery convictions is admissible to show the Defendants' identity, knowledge and plan in committing the robbery of the Weeyums restaurant, and is probative of the firearms offenses charged in this case. The Government argues also that the evidence is probative of Defendants' intent because the elements of attempted bank robbery and the Hobbs Act robbery charged in this case are substantially similar. The Government anticipates that Durham will defend the charges by asserting that he is not the person who robbed the Weeyums restaurant, that Jackson will assert that he did not help plan the robbery, and that both Defendants will deny any involvement in the charged crimes. The Government argues that Defendants' convictions are for offenses similar in character and involve the same co-defendants as this case, and thus make it more

---

[2] On November 4, 2011, Jackson pleaded guilty to the attempted bank robbery, and on March 29, 2012, Jackson pleaded guilty to using and carrying a firearm during and in relation to that crime. (Criminal Action No. 1:11-cr-252-WSD [84, 107]). On January 27, 2012, Durham pleaded guilty to attempted bank robbery, and on May 3, 2012, Durham pleaded guilty to using and carrying a firearm during and in relation to that crime. (Id. [102, 120]).

3

likely that Defendants knew about, planned, and intended to commit the Weeyums robbery.[3]

Jackson argues that the evidence is inadmissible because the robberies are too dissimilar to establish identity or plan. He argues that in the attempted bank robbery, Jackson entered the bank, brandished a weapon and robbed the bank, while in this case, Jackson will contend that he was not at the scene of the crime and was not involved. Jackson argues that introducing evidence of the bank robbery will

---

[3] In its Reply, the Government argues for the first time that ballistics evidence will show that a shell casing recovered from the Weeyums crime scene and a shell casing recovered from the white Land Rover used in the attempted bank robbery were discharged from the same 9MM firearm. The Government argues that this ballistics evidence tends to prove the Defendants' opportunity to commit the crimes charged in this case. Defendants have moved to exclude the ballistics evidence, and on July 24, 2012, the Court will hold a Daubert hearing on the subject. If admitted, the ballistics evidence will provide an additional basis for admitting evidence of Defendants' attempted bank robbery convictions as probative of Defendants' opportunity to commit the Weeyums robbery. See, e.g., United States v. Allen, 274 F. App'x 811, 821 (11th Cir. 2008) (in prosecution for possession of a firearm by a convicted felon, witness's testimony that defendant gave him a firearm was admissible to show defendant had opportunity to possess a firearm and did not possess it by accident or mistake); United States v. Covelli, 738 F.2d 847, 855 (7th Cir. 1984) (that defendant possessed a small caliber pistol was admissible to show his opportunity to commit crime in which a similar weapon was used); United States v. Woods, 613 F.2d 629, 636 (6th Cir. 1980) (evidence defendant had a .38 caliber revolver in his possession was relevant to show he had opportunity to commit robbery that involved use of that type of firearm); United States v. Ravich, 421 F.2d 1196, 1204 (2d Cir. 1970) cert. denied, 400 U.S. 834 (circumstantial evidence that defendants possessed firearms on or before date of bank robbery was admissible in prosecution for bank robbery, as tending to prove opportunity and identity).

label him a "robber," and therefore its probative value is substantially outweighed by its prejudicial effect, especially since the Government has ample other evidence of Jackson's alleged role in the crime, further reducing the probative value of his bank robbery conviction.

Durham also argues that the probative value of his bank robbery conviction is substantially outweighed by its prejudicial effect. Durham contends that the Government has substantial evidence of Durham's alleged role in the Weeyums robbery and that evidence of his bank robbery conviction would be cumulative. Durham also asserts that evidence of his bank robbery conviction would not be probative of the crimes charged in the Indictment, and would be unduly prejudicial.

## II.     DISCUSSION

### A.     Legal Standard

Rule 404(b) of the Federal Rules of Evidence provides:

> (b) Crimes, Wrongs, or Other Acts.
>         (1) Prohibited Uses.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>         (2) Permitted Uses; Notice in a Criminal Case.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).  The rule is "one of inclusion which allows [extrinsic] evidence unless it tends to prove only criminal propensity.  The list provided by the

5

rule is not exhaustive and the range of relevancy outside the ban is almost infinite." <u>United States v. Ellisor</u>, 522 F.3d 1255, 1267 (11th Cir. 2008) (quoting <u>United States v. Stephens</u>, 365 F.3d 967, 975 (11th Cir. 2004) and <u>United States v. Cohen</u>, 888 F.2d 770, 776 (11th Cir. 1989)).

Evidence of other acts is allowed whether the acts occurred before or after the act at issue, so long as it is: (1) relevant to an issue other than the defendant's character; (2) established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value is not substantially outweighed by its undue prejudice and the evidence meets the other requirements of Rule 403. <u>United States v. Delgado</u>, 56 F.3d 1357, 1365 (11th Cir. 1995). Jackson and Durham pleaded guilty to the attempted bank robbery, and so the second prong of the 404(b) analysis is not at issue in this case.

B.   <u>Analysis</u>

Where, as here, a defendant enters a not guilty plea, he "makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." <u>United States v. Edouard</u>, 485 F.2d 1324, 1345 (11th Cir. 2007) (quoting <u>United States v. Zapata</u>, 139 F.3d 1355, 1358 (11th Cir. 1998)). "A similarity between the other [extrinsic] act and a

charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005).

Intent is a material issue in the case. Defendants are charged in Count One with conspiracy to commit a Hobbs Act robbery, and have entered pleas of not guilty. "One of the elements of conspiracy that the prosecution must establish beyond a reasonable doubt is an intention to further the purposes of the conspiracy." United States v. Holmes, 171 F. App'x 753, 757 (11th Cir. 2006) (quoting United States v. Costa, 947 F.2d 919, 925 (11th Cir. 1991)). A defendant who enters a plea of not guilty to a conspiracy charge makes intent a material issue in the case. Id. (citing Delagado, 56 F.3d 1357 at 1365). That Jackson intends to present an alibi defense and will argue that he did not rob the Weeyums restaurant does not negate his potential liability for conspiracy to commit, or aiding and abetting the commission of, the Weeyums robbery.[4] Intent is an equally central issue in all of the crimes alleged in the Indictment.

---

[4] Jackson argues also that the two robberies are "completely different," and therefore evidence of the attempted bank robbery is inadmissible, because the bank was robbed by three men, including Jackson, during the afternoon, while Weeyums was robbed by a lone robber, late at night, and Jackson was not at the scene. Whether Jackson was an active participant, as in the attempted bank robbery, or a "planner" or co-conspirator, as the Government contends in this case, the Government still must prove that Jackson had the relevant intent to participate in

The Hobbs Act robbery charged in Count Two requires the Government to prove substantially similar conduct as the Government is required to prove in a prosecution for attempted bank robbery. For a defendant to be found guilty of committing a Hobbs Act robbery, the Government must prove:

    (1)    the defendant knowingly acquired someone else's personal property;

    (2)    the defendant took the property against the victim's will, but using actual or threatened force, or violence, or causing the victim to deal harm, either immediately or in the future; and

    (3)    the defendant's actions obstructed, delayed, or affected interstate commerce.

Judicial Council of the Eleventh Circuit, Pattern Jury Instructions (Criminal Cases), Instruction 70.3 (2010). For a defendant to be found guilty of bank robbery, the Government must prove:

    (1) the Defendant knowingly took money or property possessed by a federally insured bank from or in the presence of another person;

    (2) the Defendant did so by means of force and violence or by means of intimidation; and

    (3) the Defendant assaulted someone or put someone's life in jeopardy by using a dangerous weapon or device, while stealing the property or money.

---

the crimes, that is, to knowingly take someone else's property by using actual or threatened force or violence.

Id. at Instruction 76.3.  The elements of the charged offense – commission of a Hobbs Act robbery – and the elements of attempted bank robbery are substantially similar and require the same intent, that is, knowingly taking someone else's property by using actual or threatened force or violence.  Further, Count Three charges Defendants with using and carrying a firearm during a crime of violence, the same crime of which Defendants were convicted in connection with the attempted bank robbery.

The elements of the Hobbs Act robbery and firearms offense charged in the Indictment, and the elements of the attempted bank robbery and firearms convictions sought to be introduced, are substantially similar and require the same intent.  The Court finds that evidence of Defendants' convictions for attempted bank robbery and firearms offenses is relevant to Defendants' intent to commit the robbery and firearms offense at issue in this case.  See, e.g., Edouard, 485 F.3d at 1344-45 (evidence of defendant's prior cocaine smuggling was relevant to defendant's intent to participate in charged cocaine-trafficking conspiracy); United States v. Jernigan, 341 F.3d 1273, 1281-82 (11th Cir. 2003) (in prosecution for possession of a firearm by a convicted felon, prior and subsequent instances where defendant possessed a firearm, including prior crimes involving use of a firearm, were admissible to show defendant knowingly possessed firearm at issue; extrinsic

acts and charged offense required the same mental state); United States v. Dickerson, 248 F.3d 1036, 1047 (11th Cir. 2001) (in prosecution for conspiracy to possess with intent to distribute cocaine, subsequent purchase and possession of large amount of cocaine admissible to prove defendant's intent; charged act and subsequent extrinsic act involve the same mental state).[5]

Defendants next argue that any probative value of these prior convictions is outweighed by the undue prejudice that would result if the convictions were allowed into evidence. Defendants argue further that, because the Government has substantial evidence of Defendants' alleged roles in the Weeyums robbery, the probative value of the convictions is sufficiently inconsequential that the convictions should be excluded. The Government contends that Defendants' intent to engage in the Weeyums robbery is a central issue in this case and any perceived prejudice to Defendants can be avoided by an appropriate limiting instruction.

---

[5] Evidence of Defendants' convictions for the April 15, 2011, bank robbery also may be probative of the identity of the Weeyums restaurant robbers, those who planned and had knowledge of the robbery. See, e.g., United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975) (evidence of a "try-out" robbery and two prior car thefts was admissible to show planning of attempted robbery of a mail truck and participation in conspiracy). There is similarity between these two crimes, besides that they were robberies involving firearms, including that Defendants here are father and son, alleged to have engaged in robberies just months apart. While the similarities of the crimes and the allegation that Defendants were involved in planning and executing both robberies is, arguably, probative of the planning process and the participants and their respective roles in the Weeyums robbery, the Court elects to limit admissibility of Defendants' convictions to the issue of intent.

The Eleventh Circuit has "generally held that if the extrinsic act requires the same intent as the charged offenses and if these acts are proximate in time to the charged offenses, then the extrinsic act is highly probative." United States v. Baker, 432 F.3d 1189, 1205 (11th Cir. 2005) (quoting United States v. Church, 955 F.2d 688, 702 (11th Cir. 1992)).  "[P]rior crimes involving deliberate and carefully premeditated intent . . . are far more likely to have probative value . . . than prior crimes involving a quickly and spontaneously formed intent."  Church, 955 F.2d at 702-703.

The attempted bank robbery occurred five (5) months after the Weeyums robbery.  That the Government has additional evidence of Defendants' alleged participation in the Weeyums robbery does not discredit that Defendants' convictions for the attempted bank robbery is probative of the issue of intent and there is little, if any, risk that introduction of the evidence will distract or mislead the jury.  The probative value of the attempted bank robbery convictions is not outweighed by any unfair prejudice and otherwise will not confuse the issues or mislead the jury.  See Fed. R. Evid. 403.

Having considered carefully the evidence sought to be admitted, the purposes for which it is offered, its probative value and whether that value is outweighed by an undue prejudicial effect, the Court concludes that evidence of Defendants'

11

convictions for attempted bank robbery and using a firearm during and in relation to a crime of violence may be admitted under Rule 404(b), but only for the limited purpose of showing Defendants' intent to participate in the November 20, 2010, robbery of Weeyums restaurant. See, e.g., Holmes, 171 F. App'x at 757 ("Given the substantial similarity between the two robberies and the closeness in time, when coupled with [the defendant's] defense that he did not participate in the charged offense, the evidence of the uncharged robbery was probative of [the defendant's] guilt and was not outweighed by its prejudice to [the defendant]."). The Court will give a limiting instruction on the issues for which the evidence may be considered.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Durham's Motion for an Extension of Time [69] is **GRANTED**. The Government's Motion in Limine to Admit Rule 404(b) Evidence [42] is **GRANTED**. Durham's Motion in Limine to Preclude Admission of 404(b) Evidence [68] is **DENIED**.

**SO ORDERED** this 28th day of June, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE